743 So.2d 949 (1999)
Becky STRONG, Plaintiff-Appellee,
v.
FARM BUREAU INSURANCE COMPANY, et al., Defendants-Appellants.
No. 32,414-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1999.
*950 Barry W. Dowd, Monroe, Counsel for Appellant.
Anthony J. Bruscato, Monroe, Counsel for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
BROWN, J.,
Defendants, Farm Bureau Insurance Company and Patricia Owens, appeal the trial court's judgment finding Owens 100% at fault in causing an automobile accident involving plaintiff, Becky Strong. Defendants *951 further appeal the trial court's award of general damages and penalties. For the following reasons, we amend and as amended, affirm.

FACTS
This automobile accident occurred at the intersection of La. Hwy. 34 (Jonesboro Road), La. Hwy. 617 (Thomas Road) and Tim Street in Ouachita Parish. Tim Street is a two lane road while Hwy. 34 and Hwy. 617 are five lane thoroughfares. Traffic at the intersection is controlled by traffic signals.
On April 1, 1997, plaintiff, who had been sitting at a red light, was proceeding in an easterly direction from Tim Street across the intersection when Owens, approaching the intersection from the opposite direction on Hwy. 34, crossed four lanes and then turned in front of plaintiff.[1] The right front of plaintiffs car struck the right rear of Owen's car. The damage was minor.
The trial court found that Owens was 100% at fault and awarded plaintiff $6,500 in general damages, $205.64 in medical expenses and $519.02 in property damage. The trial court also assessed Farm Bureau with a $5,000 penalty for misrepresenting to plaintiff that Owens had a green turn arrow at the time of the accident.

DISCUSSION

Preemption of the Intersection
Defendants argue that the trial court erred in finding that Owens had not preempted the intersection, claiming that plaintiff had a duty to allow traffic in the intersection to clear before accelerating into it and that she failed to meet that duty.
The trial court's findings of fact may not be set aside on appeal in the absence of manifest error or unless clearly wrong. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993); Smith v. Brookshire Grocery Co., 30,184 (La.App. 2nd Cir.01/23/98), 706 So.2d 643. Reversal of findings of fact on appeal requires that the appellate court find from the record that no reasonable factual basis exists for the trial court's finding and that the finding is clearly wrong or manifestly erroneous. Stobart, supra; Smith, supra.
In Christaw v. O'Bryant, 535 So.2d 1020, 1022-1023 (La.App. 2d Cir.1988), writ denied, 536 So.2d 1223 (La.1989), the court wrote:
A left turn is a dangerous maneuver and a driver has a duty not to attempt the turn until he ascertains it can be completed safely. A left turning motorist is required to exercise a very high degree of care, even where the motorist executes his turn on the authority of an illuminated left turn signal. (citations omitted). Once the plaintiff has established that the defendant was attempting to make a left turn when the accident occurred, the burden of proof then shifts to the defendant to absolve himself of liability. This burden remains despite the existence of a left turn signal at the intersection in question. The defendant may discharge his burden by proving that the left turn arrow was illuminated. (citations omitted).
Although a motorist may have a green light, she still has a duty to allow vehicles already in the intersection when the light changes to traverse the intersection. Horton v. State Farm, 25,943 (La. App.2d Cir.08/17/94), 641 So.2d 993 (citations omitted).
Owens had to travel 45-50 feet across the intersection before she started her turn. The evidence shows that Owens traversed much of the intersection straight and then turned sharply across plaintiff's *952 lane of travel, with no indication to plaintiff that she was turning left (i.e., a blinker or hand signal). The trial court accepted plaintiffs explanation that she looked to make sure the intersection was clear before moving forward and that Owens turned sharply in front of her. We cannot say that this finding was manifestly erroneous.

Excessive Damages
Defendants argue that the trial court's award of $6,500 in general damages to plaintiff is excessive.
A damage award should not be disturbed by the reviewing court absent a showing of a clear abuse of discretion vested in the trial court. Reck v. Stevens, 373 So.2d 498 (La.1979); Thompson v. Coates, 29,333 (La.App.2d Cir. 05/07/97), 694 So.2d 599. It is only after an articulated analysis of the facts discloses an abuse of discretion that resort to prior awards in similar cases is proper. Id.
Plaintiff went to her doctor, Dr. Paul Watson, approximately one month after the accident and never mentioned any injuries. It was only after consulting her attorney about this lawsuit, almost five months later, that she returned and complained of injuries from the accident. At that time, the doctor advised plaintiff to stay off her foot for seven days and to use crutches. The trial court specifically found that plaintiff refused to heed this advice.
However, plaintiff did set forth evidence that she suffered injuries to her chest and back and a prolonged injury to her right foot and ankle. Dr. Watson testified that he saw plaintiff in September 1997, approximately five months after the accident, and that she had pain in her right foot. He diagnosed her with a march fracture and gave her medicine and told her to stay off the foot for seven days. Dr. Watson further testified that the injury was consistent with the mechanism of the collision (i.e., plaintiffs foot on the brake pedal with continued motion and weight against it).
On June 12, 1998, plaintiff saw Dr. Watson again and he found the pain she was suffering to be about the same or slightly better than in September 1997. He stated that plaintiff will probably never see a 100% recovery.
Also, two of plaintiffs co-workers testified that she never complained before the accident but that after the accident she limped for almost a year. They further testified that she complained about her chest feeling bruised and her foot hurting after the accident.
Considering the nature and duration of plaintiffs injuries, as well as the fact that she will never fully recover, we cannot say that the trial court abused its wide discretion in its award of general damages.

Penalties
Farm Bureau argues that the trial court erred in assessing it with a $5,000 penalty for violating La. R.S. 22:1220.
La. R.S. 22:1220 provides, in pertinent part:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
* * * * * *
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages *953 sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
A plaintiff seeking penalties under La. R.S. 22:1220 has the burden of proof. Ramirez v. Ware, 28,879 (La. App.2d Cir. 09/25/96), 680 So.2d 1302 (citations omitted). As La. R.S. 22:1220 is penal, it must be strictly construed. Theriot v. Midland Risk Ins. Co., 95-2895 (La.05/20/97), 694 So.2d 184.
At issue here is a letter dated June 6, 1997 written by Darlene Ashford, an Office Claims Representative with Farm Bureau, to plaintiff. The letter contained the following statement:
Our records indicate that our insured had already pre-empted the intersection on a green turn arrow at which time she was in the process of turning, the green arrow disappeared giving you the green light on your side.
The trial court found that the letter misrepresented a pertinent fact, namely that Owens had a green arrow. The trial court found that Ashford knew or should have known that this was untrue because Owens had told her that she believed that she only had a green light, not a green arrow. Ashford also had Trooper Towell's accident report which stated that the left turn arrow had disappeared when Owens began to turn.
Ashford arguably misrepresented a pertinent fact about liability; however, she never misrepresented a fact about coverage. The statute requires that the pertinent fact relate to a coverage issue. La. R.S. 22:1220(B)(1). A misrepresentation relating to a coverage issue would involve facts about the policy itself, such as the amount of coverage, lapse or expiration of the policy, or exclusions from coverage. An expansion of coverage issues to include facts central to the issue of liability would make the insurer's duty to a third party claimant much broader, a view which Theriot, supra, rejects. As such, we must reverse the trial court's award of penalties.

CONCLUSION
For the foregoing reasons, the award of $5,000 in penalties is reversed, and the remainder of the judgment is hereby affirmed. All costs of this appeal are assessed to defendants, Farm Bureau and Patricia Owens.
AFFIRMED AS AMENDED.
NOTES
[1] Approaching the intersection from the east, Hwy. 34 makes an almost 90-degree turn south at the intersection, whereas, if you continue straight across the intersection it turns into Tim Street.