KOSTELKA, J.
Mark Pennington (“Pennington”) and his insurer, General Agents Insurance Company (“Gainsco”), appeal the partial summary judgment granted in favor of Thomas Wiltheis (‘Wiltheis”) on the issue of liability and the subsequent judgment denying Pennington’s motion for new trial arising from an automobile accident.[1] We reverse and remand for trial on the merits.
Facts
In the early afternoon of April 19, 2000, Wiltheis and his passenger, Keith E. McClung (“McClung”), were traveling east on La. Highway 79. The weather was clear and the road conditions were dry. When Wiltheis reached the intersection of La. Highway 79 and La. Highway 531, he proceeded east through a green traffic light at approximately the posted speed limit. As he did so, however, the front of his pickup truck collided with the right front side of Pennington’s left-turning log truck.[2] Prior to the impact, Pennington was attempting to turn left onto highway 531 from the westbound turn lane of La. Highway 79. At the intersection, the eastbound portion of Highway 79 has three travel lanes, one left-turn lane and two *1211 through lanes. Wiltheis was in the right through lane at the time of the accident. A pickup truck occupied the middle through lane. Attached to Wiltheis’ truck was a loaded trailer and Pennington’s truck and trailer carried logs. Pennington was ticketed for failure to yield, which he paid. | a As the result of the collision, Wil-theis and McClung[3] instituted separate suits for damages against Pennington and Gainseo.[4]
On January 17, 2001, Wiltheis sought a summary judgment on the issue of Pennington’s negligence. On June 28, 2001, the trial court granted Wiltheis’s summary judgment, finding Pennington totally at fault in causing the accident. Asserting error in the partial summary judgment, Pennington sought a new trial which the trial court denied on August 14, 2001. This appeal ensued.
Disoussion
Appellate courts review summary judgments de novo under the same criteria which govern the district courts’ consideration of whether summary judgment is appropriate. Schroederv. Board of Sup’rs of Louisiana State University, 591 So.2d 842 (La.1991); Steier v. Heller, 31,783 (La. App.2d Cir.05/05/99), 732 So.2d 787. The law governing the summary judgment procedure is set forth in La. C.C.P. art. 966. As amended in 1996, Article 966 provides that the summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by Article 969. La. C.C.P. art. 966(A)(2); Steier, supra; Traweek v. Jackson, 30,248 (La.App.2d Cir.02/25/98), 709 So.2d 867. The motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material Lfact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
As again amended in 1997, Article 966 now provides that when the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, he is not required to negate all essential elements of the opposing party’s claim, action, or defense. Rather, once the mover points out that there is an absence of factual support for one or more elements essential to the opposing party’s claim, action, or defense, and the opposing party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial, there is no genuine issue of material fact and summary judgment shall be granted. La. C.C.P. art. 966(C)(2); Steier, supra. Further, La. C.C.P. art. 967 provides that the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are at issue. Id. Ultimately, however, the burden of proof remains with the mover who must meet the initial burden of making a prima facie showing of entitlement to summary judgment. See, Mark Tatum and Judge William Norris, III, Summary Judgment and Partial Judgment in Louisiana: The State We’re In, 59 La. L.Rev. 131, 141 (1998).
After reviewing the evidence before us, we conclude that the trial court erred in granting a partial summary judgment in favor of Wiltheis on the issue of Pennington’s liability. We cannot agree that Pen *1212 nington’s deposition testimony unequivocally shows his admission that the “green arrow light disappeared before he entered the intersection.” While |4admittedly confusing, Pennington’s deposition testimony nonetheless includes statements which indicate that when he began his left turn, he had a green turn arrow and as he proceeded through the intersection, the arrow disappeared but the light remained green.
Additionally, McClung testified in his-deposition that another vehicle, also eastbound on La. Highway 79, was stopped at the intersection in the inside through lane. This was apparently the vehicle being operated by Bruce Capps, Jr. (“Capps”) whose testimony appears in the record in both an affidavit and a statement given to police officer Kirk McGowen.[5] Although Capps’s two statements are somewhat contradictory, all of this testimony suggests that Capps had observed and yielded to Pennington’s left-turning vehicle, while Wiltheis testified in his deposition that he never saw Pennington’s vehicle until the collision.
We find this conflicting testimony adequate to raise issues of fact regarding whether Pennington had properly begun his turn while the green turn arrow was illuminated and/or had preempted the intersection and Wiltheis’s possible negligence in failing to keep a proper lookout despite the fact that the light in his lane of travel had turned green. See, King v. Illinois Nat. Ins. Co., 34,473 (La.App.2d Cir.02/28/01), 782 So.2d 1104, writs denied, 2001-1244, 1245 (La.06/22/01), 794 So.2d 788 and Strong v. Farm Bureau Ins. Co., 32,414 (La.App.2d Cir.10/29/99), 743 So.2d 949, writ denied, 99-3362 (La.02/04/00), 754 So.2d 229. Moreover, in granting Wilthies’s summary judgment, the trial court apparently weighed and | (¡determined the credibility of the statements of Pennington and Wiltheis and apparently weighed the police officer’s conclusions as to who was at fault in causing the accident. Such credibility determinations and weighing of evidence have no place in the summary judgment procedure. Knowles v. McCright’s Pharmacy, Inc., 34,559 (La.App.2d Cir.04/04/01), 785 So.2d 101.
In sum, we conclude that the pleadings, depositions, answers to interrogatories, admissions on file and affidavits are adequate to present material issues of fact regarding both the degree and/or existence of Pennington’s and Wiltheis’s negligence. We, therefore, reverse the partial summary judgment and remand for a trial on the merits. In light of our determination that the summary judgment was improvidently granted, it is unnecessary that we address the propriety of the trial court’s denial of Pennington’s motion for new trial. Costs of this appeal are assessed to Wiltheis.
REVERSED AND REMANDED.

. On June 27, 2001, the trial court certified the summary judgment as a final judgment pursuant to La. C.C.P. art. 1915.

. The impact of the collision also pushed Pennington’s truck into a vehicle in the northbound left-turn lane of Highway 531.

. Both Wiltheis’s and McClung’s wives were also parties to the suits.

. The cases were consolidated for trial on February 21, 2001. In oral argument, counsel indicated that McClung's suit has been settled.

. The statement is part of Officer R.S. Waites’s accident report which is attached to his deposition.