978 So.2d 1243 (2008)
John MENEWEATHER, Plaintiff-Appellant,
v.
SHELTER INSURANCE COMPANY, et al., Defendants-Appellees.
No. 43,109-CA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
Rehearing Denied April 24, 2008.
*1244 Anthony J. Bruscato, Monroe, for Appellant.
Hudson, Potts & Bernstein by Donald H. Zeigler, III, Jay P. Adams, Monroe, for Appellees, Shelter Ins. Co. and Louis Thomas.
Before STEWART, GASKINS and DREW, JJ.
STEWART, J.
John Meneweather appeals the trial court's judgment entered in favor of Louis Thomas and Shelter Mutual Insurance Company. Finding no merit in his claims, we affirm the trial court's judgment.

FACTS
This case arises out of an accident that occurred on April 26, 2006. Louis Thomas, a roofer, collects scrap metal to sell on trash days when he does not have a roofing job scheduled. In the early morning of April 26, 2006, Mr. Thomas and his friend, Mr. Clark, began collecting scrap metal. They collected two refrigerators, which they laid side by side in the bed of *1245 Mr. Thomas's pickup truck. Mr. Thomas and Mr. Clark also discovered a chain link metal gate, which they laid flat across the top of the refrigerators.
After Mr. Thomas and Mr. Clark loaded the chain link gate onto the pickup truck, they proceeded down Florida Street, a two-way road with no physical separation. Mr. Thomas parked his truck on the right side of the southbound lane of Florida Street to retrieve a microwave from a ditch on the other side of the road. He testified that because the road was narrow, his truck completely blocked the southbound lane. Mr. Thomas stated that the chain link metal gate protruded at least six to eight inches from the left side of the truck.
Mr. Meneweather, who was traveling in the southbound lane of Florida Avenue, approached Mr. Thomas's pickup truck at a speed of approximately five to ten miles per hour. Because Mr. Thomas's truck was blocking the southbound lane, Mr. Meneweather had to go into the northbound lane in order to pass Mr. Thomas's truck. As Mr. Meneweather passed Mr. Thomas's truck, his vehicle collided with the chain link metal gate that was protruding from the left side of the truck.
Mr. Meneweather subsequently filed suit, contending that he incurred property damage, as well as personal injury, from a car accident caused by the negligence of Mr. Thomas. The defendants in this matter are Mr. Thomas and Shelter Insurance Company.
Taking into consideration Mr. Meneweather's conflicting statements regarding his injuries and the nature of the accident, the trial court rendered judgment in favor of Mr. Thomas and Shelter Insurance Company. The trial court found Mr. Meneweather 100 percent at fault and explained:
After considering all offerings submitted by this Court in advance of and in opposition to the filed claim, this Court notes that the credibility of Mr. Thomas and Mr. Clark weighs more favorably with this Court than the credibility of Plaintiff. Too, the provisions of law relating to the duty of a passing motorists along with the fact that the Plaintiff clearly failed to see what he should have seen causes the Court to reject the claims of Plaintiff.
Mr. Meneweather now appeals the judgment, arguing that the trial court erred in finding him solely at fault in causing the collision. In support of the trial court's judgment, Louis Thomas and Shelter Mutual Insurance Company assert that the trial court did not err in rendering the judgment in their favor, after finding that Mr. Thomas and Mr. Clark were more credible than Mr. Meneweather.

DISCUSSION
Mr. Meneweather contends that the trial court's determination that Mr. Thomas was completely free of fault was manifestly erroneous. More specifically, Mr. Meneweather argues that even if the testimonies of Mr. Thomas and Mr. Clark are correct in all respects, they do not hide the fact that Mr. Thomas is at fault in causing the collision. Additionally, Mr. Meneweather alleges that the trial court erred in failing to reach the issue of quantum.
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Id. at 1333.
*1246 The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the trier of fact's conclusion was a reasonable one. Stobart v. State of Louisiana, Through Department of Transportation and Development, 617 So.2d 880 (La.1993). If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have ruled differently. Id. at 882-883.
When the findings by the trier of fact are based on credibility, respect must be given to the fact finder's determination, for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on understanding and believing what is said. Bolton v. Louisiana State University Medical Center, 601 So.2d 677 (La.App. 2 Cir.1992). A factfinder's determination of credibility is subject to the manifest error standard of review. Thibodeaux v. Jurgelsky, 04-2004, (La.3/11/05) 898 So.2d 299, 316.
In the present case, there is conflict in the testimony of Mr. Meneweather on a number of crucial points, including Mr. Meneweather's personal injuries from the accident in question and previous damages that his pickup truck has incurred.
At the scene of the accident, Mr. Meneweather stated that he was not injured. Two days after the accident, Mr. Meneweather gave a statement to Mr. Thomas's insurer, Shelter Insurance Company, again stating that he was not injured. However, Mr. Meneweather testified at trial that he did begin to feel pain a couple of days after the accident, but did not mention this fact to the insurer because he only wanted to get his truck repaired. He stated that he was afraid that if he asserted a personal injury claim, he would have more difficulty getting his truck fixed.
Additionally, Mr. Meneweather initially testified at trial that his truck had never been damaged before the accident in the instant case. He later admitted that his truck had been damaged on one other occasion when he scraped it on a parking post at a gas station.
Mr. Meneweather also denied being involved in any prior accidents, when in fact he had. Mr. Meneweather revealed in his deposition that he was involved in three additional accidents, the first occurring in 1994 and the later two in 2005.
Considering the conflicts in Mr. Meneweather's testimony, the trial court was not manifestly erroneous in dismissing Mr. Meneweather's claims. The trial court correctly found Mr. Meneweather's credibility lacking, after he admitted that he had previously lied with respect to his personal injury claim in this case, the existence of damages to his truck and the prior accidents that he had. Therefore, Mr. Meneweather's claim lacks merit. Because we are affirming the trial court's judgment, there is no need to address the issue of quantum.

CONCLUSION
After a thorough review of the record, we cannot say that the findings of the trial court made in favor of the defendants were manifestly erroneous. Accordingly, we affirm the trial court's judgment. Costs of the appeal are assessed to the appellant.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, CARAWAY and DREW, JJ.
Rehearing denied.