999 So.2d 1252 (2009)
Madeline FOUST, Plaintiff-Appellant,
v.
AFFORDABLE MOVERS and Airport Self Storage & U-Haul, Defendants-Appellees.
No. 43,951-CA.
Court of Appeal of Louisiana, Second Circuit.
January 14, 2009.
*1253 Jack Wright, Jr., Monroe, for Appellant.
Theus, Grisham, Davis & Leigh by Edwin K. Theus, Jr., Monroe, for Appellee, Azim Jalaldin.
Before BROWN, STEWART, and PEATROSS, JJ.
BROWN, Chief Judge.
Plaintiff, Madeline Foust, filed a civil action for damages for the loss of her furniture. The action was filed against Affordable Movers, Inc., the corporation that plaintiff hired to move and store her furniture, and Airport Self-Storage & U-Haul, the company that allegedly stored and sold her furniture. An amended petition named as an additional defendant Azim Jalaldin, who at the pertinent time owned Airport Self-Storage & U-Haul. Affordable Movers, Inc., settled the claim against it prior to trial.[1] The trial court found against plaintiff who now appeals the judgment dismissing her action against Azim Jalaldin d/b/a Airport Self-Storage & U-Haul. We affirm.

Discussion
Madeline Foust sold her house at 2401 Marie Place in Monroe, Louisiana, on April 9, 2003. Because Foust lived in North Carolina at the time, her realtor handled the sale and details. From the proceeds of the sale, the realtor paid $650 *1254 to Affordable Movers, Inc., d/b/a Bekins Movers ("Affordable") to remove Foust's furniture from the attic of the house and store those contents in its facility in Monroe. This amount included rent for one month. From this point the destiny of Foust's furniture is uncertain and contested.
Foust filed a petition for damages on April 15, 2005, alleging that Affordable contracted with Airport Self Storage & U-Haul ("Airport Storage") to store her furniture while Affordable relocated in the Fall of 2003. The petition further alleged that, after Affordable failed to make timely storage rental payments, Airport Storage negligently auctioned plaintiff's furniture to satisfy Affordable's debt, ignoring the provisions of La. R.S. 9:4759.
It is clear that Azim Jalaldin owned Airport Storage from August 15, 2003 to October 25, 2004, which is the relevant time period. Donna Williamson, Carolyn Roperts, Maria Long, and Melissa Bond operated Airport Storage for Jalaldin. The trial court determined that petitioner's furniture was never at Airport Storage and further that Airport Storage did not sell the contents of any unit during the time it was owned by Jalaldin.
Melinda Vaughn was the co-owner and manager of Affordable, as well as the owner and manager of M & W Transfer, L.L.C. ("M & W"). She testified that she stored the furniture Foust left with Affordable at Airport Storage in September of 2003 because Affordable was moving its location. She paid the rent for the storage units at Airport Storage with checks issued by M & W, not Affordable. In addition, Vaughn produced a notice of lien sent from Airport Storage to M & W dated January 19, 2004, which warned M & W that the goods it stored would be sold at public auction to satisfy unpaid rent and other charges. Vaughn testified that after the notice she paid the rent owed and thereafter, she found the storage units were empty.
Donna Williamson, who ran Airport Storage for Jalaldin, gave contrary testimony. Williamson testified that on August 26, 2003, M & W rented units 19 and 50 for one month to store unpainted yard furniture. Williamson stated that sometime between mid-January 2004, and the end of February 2004, the same M & W employee who stored the yard furniture complained of ashes in the unit. When Williamson investigated the unit she discovered it was empty.
Jalaldin and all four of his employees at Airport Storage testified that neither Foust nor Affordable had ever rented a unit at Airport, and that they had never heard of Foust or Affordable until late 2004. They also testified that they had never talked to Melinda Vaughn until this suit was filed. Lastly, Jalaldin and the operators testified that, during Jalaldin's ownership of Airport Storage, no contents of any unit were ever sold.
A court of appeal should not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through Department of Transportation & Development, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the factfinder's resolution of a factual issue was reasonable in light of the record as a whole. Locke v. Young, 42,703 (La.App.2d Cir. 12/12/07), 973 So.2d 831. Where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Meneweather v. Shelter Insurance Company, 43,109 (La.App.2d Cir.03/19/08), 978 So.2d 1243.
*1255 The trial court determined that the testimony of defendant's witnesses was more credible than the testimony of Vaughn. It is not the function of an appellate court to decide whether the trial court's conclusion was right or wrong but whether the conclusion was reasonably based upon the evidence. Benefield v. Sibley, 43,317 (La.App.2d Cir.07/09/08), 988 So.2d 279. We cannot say that the trial court was manifestly in error or clearly wrong in its factual findings that plaintiff's furniture was not stored with defendant, and/or, if it was, that defendant did not remove and sell the furniture.

Conclusion
For the reasons stated above, we affirm the trial court's judgment. Costs are assessed to plaintiff, Madeline Foust.
AFFIRMED.
NOTES
[1] Affordable Movers paid $500 and waived its right to collect $1,850 it claimed it was owed for storage.