COX, J.
The defendants, Dorothy Taylor and Louisiana Farm Bureau Casualty Insurance Company ("Taylor"), appeal from a judgment in favor of the plaintiffs, Bernice Amos ("Bernice") and Roshunda Amos ("Roshunda"), finding Taylor caused an accident with Bernice after she entered the intersection while her traffic light was red. The trial court found Taylor 100% responsible for the accident. For the following reasons, we affirm in part and reverse in part the ruling of the trial court.
FACTS
On January 4, 2015, Bernice Amos was driving her 2000 Nissan Altima eastbound on Ruffin Drive in Monroe, Louisiana. Her daughter, Roshunda, was a passenger in the vehicle. Taylor was traveling northbound on Highway 165. The automobile collision occurred on Highway 165 at the intersection of Highway 165 and Ruffin Drive.
According to Bernice, Taylor proceeded through the intersection on a red light and struck her vehicle. Bernice stated she was driving eastbound on Ruffin Drive, with the right of way and a green traffic light. As a result of the collision, Bernice and Roshunda claimed they sustained serious *752 injuries to their persons, including injuries to their neck, back, and shoulders.
According to Taylor, Bernice traveled through the intersection of Ruffin Drive and into the northbound lanes of Highway 165, striking the side of her vehicle. Taylor contended that Bernice had a red traffic light. The accident report stated Bernice was proceeding to cross Highway 165 South to turn onto Highway 165 North when she struck the driver's side of Taylor's vehicle. Bernice and Roshunda told the officer they were not injured at the time. Both Bernice and Roshunda told the officer Bernice had the green light. However, Taylor told the officer she had the green light and was struck by Bernice.
A deputy, Brian Hanks, told the officer he was at a red light in the inside, southbound lane of Highway 165 when he saw Bernice strike Taylor's vehicle. The deputy stated he was unable to say whether the traffic light for Bernice or Taylor was red or green at the time of the accident. Due to the conflicting stories of the drivers, the officer was unable to determine which vehicle was at fault, and no ticket was issued.
After hearing the evidence and arguments at trial, the trial court found Taylor ran the red light and crashed into Bernice's vehicle. The trial court ordered a judgment in favor of Bernice for 6 months of treatment in the amount of $7,945 and for general damages in the amount of $14,000. The trial court additionally found in favor of Roshunda for 2 months of treatment in the amount of $3,785 and for general damages in the amount of $5,000. All attorney fees and court costs were to be paid by Taylor and Louisiana Farm Bureau.
LAW
The appellant raises two issues on appeal. The first issue is whether the award of attorney fees was proper. The second issue is whether the allocation of fault was correctly attributed to Taylor rather than Bernice.
Louisiana courts have held that attorney fees may not be awarded to a successful litigant unless specifically provided for by statute or contract. Campbell v. Melton , 2001-2578 (La. 5/14/02), 817 So.2d 69 ; Emond v. Tyler Bldg. & Constr. Co. , 438 So.2d 681 (La. App. 2 Cir. 1983). Furthermore, when items of special damage are claimed, they shall be specifically alleged. La. C.C.P. art. 861. Attorney fees are special damages that must be alleged in the petition. Lanier Bus. Prod., Inc. v. First Nat'l Bank of Rayville , 14,211 (La. App. 2 Cir. 8/18/80), 388 So.2d 442. Neither party has alleged attorney fees are appropriate in this case, and both have agreed that the plaintiffs are not entitled to attorney fees as part of the damages.
In an action for damages where a person suffers injury, death, or loss, the percentage of fault of all persons causing or contributing to the loss shall be determined. La. C.C. art. 2323. The trial court is required to compare the relative fault of the parties in assessing liability. In allocating fault, the trial court must consider the nature of each party's conduct and the causal relationship between that conduct and the damages claimed. Watson v. State Farm Fire & Cas. Ins. Co. , 469 So.2d 967 (La. 1985).
The allocation of fault is a question of fact for the trial court to decide. Solomon v. American Nat'l Prop. & Cas. Co. , 49,981 (La. App. 2 Cir. 9/4/15), 175 So.3d 1024 ; Underwood v. Dunbar , 628 So.2d 211 (La. App. 2 Cir. 1993), writ denied , 94-0026 (La. 2/25/94), 632 So.2d 767. A trial court's factual findings will not be disturbed unless they are manifestly erroneous or clearly wrong. Solomon, supra. Where conflict exists in the testimony, *753 reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Rosell v. ESCO , 549 So.2d 840 (La. 1989) ; Mosley v. Griffin , 50,478 (La. App. 2 Cir. 2/24/16), 191 So.3d 16. After reviewing the entire record, the appellate court may reverse the trial court's findings if there is no reasonable factual basis for the findings and the record establishes the trial court was manifestly erroneous or clearly wrong. Stobart v. State through Dept. of Transportation and Development , 617 So.2d 880 (La. 1993) ; Solomon, supra .
The Louisiana Supreme Court has stated, "Deference should be accorded to the trial court's decision, even if that decision is of less than ideal clarity, if the trial court's path may be reasonably discerned, such as when its findings, reasons and exercise of discretion are necessarily and clearly implied by the record." Leal v. Dubois , 00-1285 (La. 10/13/00), 769 So.2d 1182 ; Bloxom, supra .
The accident between Bernice and Taylor occurred in an intersection controlled by traffic signals. The relevant portions of La. R.S. 32:232 provides:
(1) GREEN indication:
(a) Vehicular traffic facing a circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left, shall stop and yield the right-of-way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited.
...
(3) Steady RED indication:
(a) Vehicular traffic facing a steady circular red signal alone shall stop at a clearly marked stop line, or if none, then before entering the crosswalk on the near side of the intersection, or if none, then before entering the intersection, and shall remain standing until an indication to proceed is shown except as provided in Subparagraph (c) of this Paragraph.
A motorist with a green signal when approaching an intersection cannot depend exclusively on a favorable light. The motorist has a duty to watch for vehicles already in the intersection when the light changed. This duty does not extend to watching for traffic that has not yet entered the intersection. Mosely, supra . In order to preempt an intersection, the motorist must show that he made a lawful entry, at a proper speed, after ascertaining that oncoming traffic was sufficiently removed to permit a safe passage and under the bona fide belief and expectation that he can negotiate a crossing with safety. He must show that he entered the intersection at a proper speed and sufficiently in advance of the vehicle on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle. Mosley, supra ; Gardner v. State Farm Mut. Auto. Ins. Co. , 43,499 (La. App. 2 Cir. 9/17/08), 996 So.2d 320.
DISCUSSION
The appellant argues under their first assignment of error that the trial court erred in awarding attorney fees to the plaintiffs. As stated above, Louisiana courts have held that attorney fees may not be awarded to a successful litigant unless specifically provided for by statute or contract. When items of special damage are claimed, they shall be specifically alleged in the petition. Attorney fees are special damages. The plaintiffs did not specifically allege attorney fees in their petition. Both parties agree that attorney fees are inappropriate in this case and that the *754 plaintiffs are not entitled to attorney fees as part of the damages.
After reviewing the record, we respectfully reverse the trial court's award of attorney fees to the plaintiffs. Both parties agree the trial court's award of attorney fees was in error. The award of attorney fees in this tort suit was not provided for in contract or statute, as provided by law. Thus, there was no legal basis for the award.
The appellant argues in their second assignment of error that the allocation of fault was incorrectly attributed to Taylor rather than Bernice. We find the trial court did not commit manifest error in assigning 100% of the fault to Taylor and finding Bernice not responsible. This case presents conflicting testimony between the parties. The trial court is in the best position to determine credibility.
The appellant asserts the usual deference on appeal should not be given because the trial court's judgment does not articulate the theory or the evidentiary facts upon which the conclusion is based, citing Bloxom v. Bloxom , 512 So.2d 839 (La. 1987). This is an exceptional remedy only available when the trial court's "findings, reasons and exercise of discretion are [not] necessarily and clearly implied." Milstead v. Diamond M Offshore, Inc. , 95-2446 (La. 7/2/96), 676 So.2d 89. The record clearly implies the trial court's path in determining Bernice had the green light and Taylor had the red light. Based on the evidence, the trial court's judgment was reasonable in determining Bernice had the green light.
In ruling in favor of Bernice, the trial court found her testimony to be credible. We will not disturb the trial court's evaluation of credibility. Bernice testified she had the green light when she entered the intersection. Bernice said she did not see Taylor's vehicle, but did see Deputy Hanks's vehicle stopped in the Highway 165 southbound lane. Roshunda corroborated Bernice's testimony that her light was green and Deputy Hanks was stopped in his lane. Bernice was able to cross the southbound lanes of Highway 165 without incident before the collision occurred in the northbound lanes.
Bernice testified that she looked for vehicles in the intersection before attempting to cross Highway 165. She stated she did not see Taylor's vehicle while watching for traffic. Bernice testified she was moving at 25 miles per hour at the time she crossed Highway 165 and would not have crossed if Deputy Hank's traffic light was green.
The Traffic Signal Inventory could also be used to corroborate Bernice's testimony that her light was green. Natalie Sistrunk, a traffic engineer with the Louisiana Department of Transportation, testified as to the possibility of Taylor having a green signal light. She stated that if Deputy Hank's light was red and neither party can recall a vehicle present in the left turn lane, then Taylor's signal light would also be red.
After hearing testimony and reviewing the evidence, the trial court found Taylor's traffic light was red. The law requires traffic with a red signal light to stop before entering the intersection and to remain stopped until given an indication to proceed. According to the trial court's findings, Taylor did indeed run the red light and crashed into Bernice.
After a complete review of the record, we find the trial court properly compared the plaintiff's conduct and the defendant's conduct when assessing liability. The facts and testimony created a reasonable basis for the trial court to rule Taylor was 100% responsible for causing the accident by running the red light.
*755 CONCLUSION
For the reasons stated above, we find the trial court erred in awarding attorney fees to Bernice and Roshunda. We do not find the trial court committed legal error in determining Taylor caused the accident. Absent manifest error, the trial court's finding should not be overturned. This was a credibility judgment made by the trial court in determining which driver had the green light and which driver had the red light. We cannot find any manifest error in the trial court's determination that Taylor had a red light and was 100% responsible for the accident. We respectfully reverse the award of attorney fees and affirm the ruling of the trial court in all other respects. Costs associated with this appeal are assessed to the appellants.
AFFIRMED IN PART, REVERSED IN PART.
PITMAN, J., concurs with written reasons.
BLEICH, J. (Pro Tempore), concurs in the result.
PITMAN, J., concurs.
Louisiana follows the "American Rule" with regard to the award of attorney fees. Each party pays its own attorney fees, except in two circumstances. The first is if a contract specifically includes provisions for attorney fees to be awarded to the opposing party. The second is if a statute specifically provides for the award of attorney fees to the opposing party.
The case before us deals with a collision of two cars. There is no contract provision or statute that allows for the award of attorney fees in this instance. Accordingly, even if the plaintiffs had requested the award of attorney fees as special damages in their petition, there is no provision for this in Louisiana law.
I agree with affirming the trial court in finding the defendant at fault in causing the collision. I also agree that the award of attorney fees was improper, not because the pleadings did not request them, but because there is no provision for the award in Louisiana law.
For the reasons stated above, I concur in the result.