# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-624


**ALISHA ALLEN AND JASON ALLEN**

**VERSUS**

**FCCI INSURANCE COMPANY, ET AL.**



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 145440
HONORABLE RICHARD ERIC STARLING, JR., CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Jonathan W. Perry, Judges.


**AFFIRMED.**

**Allena W. McCain**
**Butler Snow, LLP**
**445 N. Boulevard, Suite 300**
**Baton Rouge, LA 70802**
**(225) 325-8700**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**FCCI Insurance Company**
**Zachary Waltenbaugh**
**Sign Edge USA, LLC**

**Wilbert J. Saucier, Jr.**
**2220 Shreveport Hwy**
**Pineville, LA 71360**
**(318) 473-4146**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Alisha Allen**
**Jason Allen**

**Michael L. Glass**
**1733 White Street**
**Alexandria, LA 71301**
**(318) 484-2917**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Alisha Allen**
**Jason Allen**

**EZELL, Judge.**

Summary judgment was granted in this case on the issue of liability, finding that Zachary Waltenbaugh was solely at fault for a vehicular accident he was involved in with Alisha Allen. Mr. Waltenbaugh, Sign Edge USA, LLC, and FCCI Insurance Company, appeal the judgment of the trial court. For the following reasons, we affirm.

## FACTS

At the time of the accident, Mr. Waltenbaugh was employed by Sign Edge USA. On May 10, 2019, Mr. Waltenbaugh was in Alexandria, Louisiana proceeding in a southerly direction on Jackson Street in a company truck, looking for a location to install a sign for a real estate company. Meanwhile, Ms. Allen was driving east on 4th Street. At the intersection of Jackson Street and 4th Street, Mr. Waltenbaugh's truck collided with Ms. Allen's car.

Ms. Allen and her husband, Jason, filed suit against Mr. Waltenbaugh, Sign Edge USA, and its insurer, FCCI Insurance Company, on November 14, 2019. They subsequently filed a motion for partial summary judgment on the issues of liability, insurance coverage, and marital status.

At the hearing on the motion for partial summary judgment on October 21, 2020, the parties agreed that there was no objection to the Allens' position on insurance coverage and marital status, so the hearing proceeded on the issue of liability only. The trial court ruled that Mr. Waltenbaugh ran a red light and granted summary judgment in favor of the Allens finding Mr. Waltenbaugh one-hundred percent at fault for the accident. Judgment was signed that same day. In addition to finding Mr. Waltenbaugh solely at fault for the accident, the judgment also established that the policy issued by FCCI Insurance Company afforded

coverage for the accident and that Alisha was married to Jason at the time of the accident. The judgment was certified as a final judgment pursuant to La.Code Civ.P. art. 1915, and Defendants filed the present appeal.

## SUMMARY JUDGMENT

On appeal, Defendants claim that the trial court applied improper legal standards, made inappropriate credibility determinations, and improperly weighed conflicting testimony evidence in granting the Allens' motion for summary judgment on liability. They claim that there are genuine issues of material fact as to whether Alisha Allen was at fault for the accident.

"A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact." *N. Am. Fire & Cas. Co. v. State Farm Mut. Auto. Ins. Co.*, 03-300, p. 3 (La.App. 3 Cir. 10/1/03), 856 So.2d 1233, 1235, *writ denied*, 03-3334 (La. 2/13/04), 867 So.2d 694. Appellate courts review motions for summary judgment de novo, using the same criteria that the trial court considers in determining whether summary judgment is appropriate. *Dunn v. City of Kenner*, 15-1175 (La. 1/27/16), 187 So.3d 404.

The summary judgment procedure is favored and "designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). Appellate courts review the grant or denial of a motion for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.*, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Samaha v. Rau*, 07-1726, p. 4 (La. 2/26/08), 977 So.2d 880, 882-83; La.Code Civ.P. art. 966(A)(3).

2

The moving party has the burden of proof unless the mover "will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment[.]" La.Code Civ.P. art. 966(D)(1). In that case, the mover need only:

> [P]oint out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

*Id.*

In the motion for summary judgment, Mrs. Allen argues that she had a green light when she proceeded into the intersection and that Mr. Waltenbaugh proceeded through a red light when he entered the intersection. Louisiana Revised Statutes 32:232 governs the duty of drivers when faced with traffic-control signals.

In *Amos v. Taylor*, 51,595, pp. 4-5 (La.App. 2 Cir. 9/27/17), 244 So.3d 749, 753, the duty of a driver faced with a green signal was explained as follows:

> A motorist with a green signal when approaching an intersection cannot depend exclusively on a favorable light. The motorist has a duty to watch for vehicles already in the intersection when the light changed. This duty does not extend to watching for traffic that has not yet entered the intersection. *Mosely* [sic] [*v. Griffin,* 50,478 (La.App. 2 Cir. 2/24/16, 191 So.3d 16] . . . In order to preempt an intersection, the motorist must show that he made a lawful entry, at a proper speed, after ascertaining that oncoming traffic was sufficiently removed to permit a safe passage and under the bona fide belief and expectation that he can negotiate a crossing with safety. He must show that he entered the intersection at a proper speed and sufficiently in advance of the vehicle on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle. *Mosley, supra*; *Gardner v. State Farm Mut. Auto. Ins. Co.,* 43,499 (La. App. 2 Cir. 9/17/08), 996 So.2d 320.

Therefore, the Allens carried the burden of proof to establish that Mrs. Allen entered the intersection on a green light at a proper speed and in advance of Mr. Waltenbaugh entering the intersection.

According to Mrs. Allen in her deposition testimony, she left work early that day and was just casually riding around. No one was with her, and she was not on her phone. She turned onto 4th Street, two blocks before the intersection with Jackson Street. At this point, 4th Street is two lanes of one-way traffic heading in an easterly direction. The speed limit is about twenty to twenty-five miles per hour. From the time she turned onto 4th Street, she had a green light at the intersection with Jackson Street. There was a truck in the right lane, which was moving slowly, so she moved into the left lane. Mrs. Allen explained that she was already moving through the intersection and passed what she thought was a crosswalk when she saw the truck driven by Mr. Waltenbaugh, so she applied her brakes. The headlight on his truck passenger side was in front of her when she applied her brakes. She impacted with his rear passenger tire fender. She looked at the traffic lights after the accident, and the light facing her was still green, while the light facing Mr. Waltenbaugh was red. Mr. Waltenbaugh told Mrs. Allen that he was looking at Google Maps to find the location at which he was supposed to place a sign.

In his deposition testimony, Mr. Waltenbaugh explained that he was slowing down looking for the location to put a sign for work. Mr. Waltenbaugh testified that the light was green as he was coming up to the intersection. He was two car lengths from the light when he saw it was green. As he proceeded ahead, he was glancing back and forth to see where he was supposed to turn to place the sign. Mr. Waltenbaugh attested: "So I was looking at the light, and I guess whenever I

turned, turned my head to see where to turn in at, it went from green to yellow, and, of course, to red." He was looking for the location to place the sign when the impact occurred. Mr. Waltenbaugh further explained that he saw Mrs. Allen and sped up to get out of the way. Mr. Waltenbaugh stated that he did not see the light facing him turn yellow or red. He agreed that he does not know what color the light was when he went through the intersection.

Kevin Broussard is an architect who works in an office on Jackson Street. He was walking back to his office from lunch when he witnessed the accident. Mr. Broussard explained that he had a clear view of the accident as he was walking south down the Jackson Street sidewalk, the same direction Mr. Waltenbaugh was travelling in the truck. He was facing the accident when it occurred. He stated that the truck had a red light as it entered the intersection, and it remained red. The truck did not stop, and Mr. Broussard saw no attempt of the truck to slow down. It was Mr. Broussard's observation that the truck proceeded through the red light. He could not see the color of the light facing Mrs. Allen. Mr. Broussard stated that Mr. Waltenbaugh made statements that he was distracted and did not notice the light was red after he got out of the truck. Mr. Waltenbaugh was very apologetic and acknowledged that he was in error.

Officer David Allen Moore with the Alexandria Police Department investigated the accident. Officer Moore testified that Mr. Waltenbaugh told him that he was distracted because he was looking for a place to put a sign and drove through the red light. Mr. Waltenbaugh never mentioned anything about the light being any other color. Officer Moore obtained no information that anything Mrs. Allen's actions caused or contributed to the accident.

5

After our de novo review of the testimony and evidence, we agree with the trial court's grant of summary judgment on the issue of liability in favor of the Allens. Nothing in the record contradicts Mrs. Allen's testimony that she was going the speed limit and entered a clear intersection on a green light. There is no evidence whatsoever that Mr. Waltenbaugh entered the intersection on anything but a red light. His testimony was clear that he does not know what color the light was and that he never saw it turn yellow or red. The last time he knows the light was green was when he was at least two car lengths before the intersection. He admittedly was distracted looking for the address of where he was supposed to be.

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Zachary Waltenbaugh, Sign Edge USA, LLC, and FCCI Insurance Company.

**AFFIRMED.**