BROWN, Chief Judge.
11Plaintiff, Edward Mulreany, filed this action against Steve Williams and The Housing Authority of the City of Shreveport to recover for damage to his vehicle and for personal injuries allegedly arising out of an automobile accident caused by Williams while driving a truck owned by the Housing Authority. The trial court awarded plaintiff the sum of $556.32 for the property damage to his vehicle but found that the accident did not cause plaintiffs personal injuries. Mulreany appealed the denial of his claim for bodily injuries. For the following reasons, we affirm the trial court’s judgment.

Facts

In March 2004, Steve Williams was driving a Chevrolet pickup truck westbound on Interstate 20 in Shreveport, Louisiana. The truck pulled a one-ton flatbed trailer *292 that contained items Williams was taking to a landfill. Williams was acting in the course and scope of his employment with the Shreveport Housing Authority.
Mulreany was driving a Chevrolet Blazer on 1-20 behind Williams at the time of the accident. According to Mulreany, two 18-wheelers passed Mulreany and Williams, one truck on each side, causing a wind that lifted the tarp covering the load being pulled by Williams. Debris fell from Williams’ trailer. Mulreany first swung his truck to the left to avoid the debris but had to swing back to the right lane because of a rapidly approaching ear in the left lane. Most of the debris went under Mulreany’s truck; however, a small amount struck the right front corner of the truck. 12This incident did not cause either Mulreany’s truck to stop or Mulreany to be tossed about his truck.
After the incident, Mulreany drove up alongside Williams’ vehicle and signaled for Williams to pull over to the side of the road. The two men examined their vehicles, and Mulreany stated that he did not believe the police needed to be called. They exchanged information, and Mul-reany proceeded to a dental appointment.[1]
At the dental office, a nurse jerked down the dental chair causing Mulreany to experience pain. Plaintiff described a “tweaking in my neck,” but stated that he had no soreness until the next morning when he could barely get out of bed. On cross examination, Mulreany testified that the dental chair had been pulled back quickly and “that it was rough enough for me to feel the twinge in my neck.” Mulreany stated that the next day he was sent by his attorney to a chiropractor, Dr. Robert Rougeau, who referred Mulreany to Dr. Richard Kamm. The medical bills and reports of the two doctors, along with the deposition of Dr. Rougeau, were introduced into evidence at trial.
Dr. Rougeau was unaware, until his deposition, of Mulreany’s incident with the dental chair. After being made aware of the incident, Dr. Rougeau was unable to opine as to the effect of the dental chair incident but emphasized that it is not uncommon for injuries to become manifest a day or two after an accident. Thereafter, Dr. Rougeau read Mulreany’s deposition and wrote a letter to Mulreany’s attorney which stated: “It has been my ^experience that an auto accident such as Mr. Mul-reany has described would, more probably than not, have caused the type of pain and symptoms as described in these depositions and that the incident at the dental office would not have been the cause.” This letter was submitted with Dr. Roug-eau’s medical report and bill.
In his report dated April 5, 2004, Dr. Kamm indicated that Mulreany described the details of the incident on the roadway. However, the report did not indicate that Dr. Kamm was aware of the incident at the dental office. Dr. Kamm performed an examination on Mulreany and, as part of his impressions, listed musculoligamen-tous strain of both the cervical and thoracic region of the back, along with soft tissue injury to the right shoulder, judged to be related to the automobile accident. Dr. Kamm’s impressions also noted that Mul-reany was having headaches, “muscular tension or stress type,” judged to be secondary to the automobile accident. Dr. Kamm wrote a prescription and directed Mulreany to continue his treatment with the chiropractor.
*293 Following trial, the court awarded property damages to Mulreany in accordance with the estimate provided. However, the trial court declined to award personal injury damages to Mulreany. The court noted the uncontested testimony that, after the accident, Mulreany got down and looked under the vehicle without any pain and that Mulreany first felt pain when the dental chair suddenly dropped. Therefore, the trial court found that it was unable to say that the automobile accident was more likely than |4not the cause of Mulreany’s injuries. The court also found insufficient evidence to place any comparative fault on the drivers of the 18-wheel-ers.
It is from this judgment that Mulreany has appealed.

Discussion

On appeal, Mulreany asserts that he met his burden of proof in that both Dr. Kamm and Dr. Rougeau opined that the automobile accident caused his injuries. Additionally, Mulreany asks this court to apply the presumption of causation set forth in Housley v. Cerise, 579 So.2d 973 (La.1991), in which the Louisiana Supreme Court stated that a claimant’s disability is presumed to have resulted from an accident if the injured person was in good health before the accident, the symptoms of the injury appeared and continually manifested themselves afterwards, and the medical evidence supported a reasonable possibility of a causal connection between the accident and the disabling condition.
The issue in this case is simply whether the incident on 1-20 caused any bodily injury to Mulreany. The facts are not seriously disputed. Debris fell from defendant’s trailer causing light damage to plaintiffs vehicle. Plaintiff did not strike anything inside his vehicle nor did his truck stop. Plaintiff had no pain following the incident and, as noted by the trial court, immediately after the incident, plaintiff got down and looked under his truck. Plaintiff left the scene after concluding that the police were not needed. Shortly thereafter, the incident in the dental chair occurred and for the first time plaintiff experienced pain.
| sWhether an accident caused a person’s injuries is a question of fact which should not be reversed on appeal absent manifest error. Mart v. Hill, 505 So.2d 1120 (La.1987); Wallace v. State Farm Mutual Automobile Insurance Co., 36,099 (La.App.2d Cir.06/14/02), 821 So.2d 704. If the trial court findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently; where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneously or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In Morris v. Allstate Insurance Company, 25,148 (La.2d Cir.02/23/94), 632 So.2d 1209, this court was presented with the factual issue of whether an injury was caused by an automobile accident or by the plaintiff lifting an obese patient during the course of her employment as a nurse’s aide nine days later. The trial court had rejected the plaintiffs demands, finding that the injury was caused by lifting the patient, “a separate, independent, and intervening act.” In affirming the trial court’s judgment, this court acknowledged the presumption of causation discussed in Housely, supra. This court also observed that a medical expert may opine as to the reasonable possibility of the causal connexity between an accident or an incident and the ultimate medical condition. We further stated, however, that the ultimate determination of more-probably-than-not *294 rests with the court. In Morris, supra, one of two conclusions could have been drawn by the trial court: either the accident contributed to the lifting ^incident and the two combined to cause the low back injury, or the low back injury was caused by the lifting, a separate and independent act. The court concluded that any prima facie showing or presumption that the plaintiffs low back condition was caused by the automobile accident was negated by the evidence of the lifting incident, a separate traumatic event. Accordingly, this court declined to find that the trial court was clearly wrong.
In the case sub judice, as in Morris, supra, the trial court was faced with two possible explanations for Mulreany’s injuries. The court could have concluded that Mulreany’s injuries were caused by his attempt to avoid the debris falling on the roadway, then perhaps aggravated by the dental chair incident. On the other hand, the court could have concluded that the dental chair incident was the true cause of his injuries, negating any presumption of causation from the roadway incident. As in Morris, supra, we cannot say that the trial court’s choice was clearly wrong. Accordingly, the trial court’s judgment is affirmed at appellant’s costs.

Conclusion

For the reasons set forth above, the trial court’s judgment is AFFIRMED. Costs of this appeal are assessed to plaintiff-appellant, Edward Mulreany.
AFFIRMED.

. After Mulreany left, Williams called his supervisor, who called the police to come to the scene and make a report.