723 So.2d 455 (1998)
Mary B. PRICE and Aubrey L. Price
v.
The CITY OF SLIDELL, the Parish of St. Tammany, the State of Louisiana Through the Department of Transportation and Development, Christopher E. Tew and XYZ Insurance Company.
No. 97 CA 2066.
Court of Appeal of Louisiana, First Circuit.
September 25, 1998.
*456 John M. Crosby, Gretna, for Plaintiffs Appellants.
Michael C. Keller, New Orleans, for DefendantAppellee State of Louisiana, through DOTD.
Peter J. Wanek, New Orleans, for DefendantsAppellees Christopher E. Tew and American States Ins. Co.
Before: LeBLANC, FOGG, and PARRO, JJ.
FOGG, J.
This is an appeal from the grant of a summary judgment in a case arising out of an automobile accident. For the reasons set forth below, we affirm.
This litigation arises out of an intersectional collision which took place in Slidell, Louisiana, between a vehicle driven by Christopher E. Tew and an oncoming car driven by Mary B. Price, who was attempting to execute a left turn. The impact caused Tew's vehicle to veer into a third automobile.
Price and her husband, Aubrey L. Price, brought this suit, seeking compensation for personal injury, property damage, and loss of consortium against Tew and his liability insurer, American States Insurance Company.[1] *457 The petition alleged that Tew caused the collision by driving at an excessive rate of speed, failing to yield, failing to act as a reasonably prudent motorist, and failing to maintain control of his vehicle.
Thereafter, defendants, relying on depositions by Price and Tew and an affidavit by the third motorist involved in the accident, filed a motion for summary judgment, claiming plaintiffs had no factual support for the allegations of negligence made against Tew. In opposition to the motion, plaintiffs relied on Price's deposition and responses to interrogatories to establish that genuine issues of material fact existed regarding defendants' liability. On April 7, 1997, the trial court rendered judgment, granting defendants' motion for summary judgment. Plaintiffs now appeal.
The accident occurred at approximately 3:40 p.m. on June 30, 1994, in clear, dry weather conditions, at the intersection of Gause Boulevard and Tyler Road. Gause Boulevard is a four lane divided thoroughfare running east-west, with two lanes for each opposing direction of travel and separate left-turn lanes. Tyler Road is a two lane street running north-south. A traffic light controls the intersection.
Price testified that just prior to the accident, she was driving her automobile in a westerly direction on Gause Boulevard. Near its intersection with Tyler Road, she entered the left turn lane, preparing to turn south onto Tyler Road. As she approached the intersection, Price slowed down and looked for oncoming traffic. She faced a green ball traffic signal, which turned yellow as she began to execute the turn. As Price crossed the eastbound lane of travel, she was looking straight ahead when she observed Tew's oncoming vehicle in her "line of peripheral vision." She swerved, but was unable to avoid the collision.
Price further testified that she believed Tew was speeding because his vehicle "appeared very suddenly."[2] Price subsequently admitted, however, that she only saw Tew's vehicle in her peripheral vision immediately before impact and that she did not view Tew's vehicle at any distance prior to the collision; therefore, she was unable to testify as to its approximate speed. Price also believed that Tew must have been speeding due to the severity of the impact and the damage to her vehicle.
Tew testified that he exited I-10 East, yielded at the foot of the exit ramp, and entered the right eastbound lane of Gause Boulevard. As he pulled away from the exit ramp, his vehicle was in first gear traveling approximately 10 to 15 m.p.h. After driving about eighty yards, the approximate distance from the exit ramp to the intersection, Tew accelerated his vehicle to a maximum speed of 30 m.p.h. and shifted it into second gear. Facing a green light, Tew was proceeding through the intersection when he spotted Price's vehicle driving directly into his path. He attempted to avoid the accident by slamming on the brakes and swerving to the right, but the brakes locked up and he was unable to stop. The impact occurred in the right eastbound lane, Tew's lane of travel, when the left front portion of Tew's vehicle struck the front passenger door of Price's vehicle. Tew's truck subsequently struck a third automobile, which was stopped at a red light at the intersection.
Eugene Julien was the third motorist involved in the accident. In his affidavit, Julien attested that he was stopped at the intersection at a red light in the northbound lane of Tyler Road. From his viewpoint, Julien had an opportunity to observe Tew's truck as it traveled eastbound on Gause Boulevard. Based on his observation, Julien believed that Tew's truck was traveling "well below the posted speed limit of 40 m.p.h." Further, Julien observed that Tew faced a *458 green light and that Price faced a red light at the time of the accident.
On appeal, plaintiffs allege that genuine issues of material fact exist regarding whether Tew was driving at an excessive rate of speed, whether Price preempted the intersection, and whether Tew failed to observe and to take evasive action to avoid the collision. Thus, plaintiffs contend that summary judgment was improperly granted.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Kidd v. Logan M. Killen, Inc., 93-1322 (La. App. 1 Cir. 5/20/94); 640 So.2d 616. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2).
It is well settled that the granting of summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). A fact is material if its existence is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Penalber v. Blount, 550 So.2d 577 (La.1989).
Issues of credibility have no place in summary judgment procedure. Monaghan v. Caserta, 95-0718 (La.App. 1 Cir. 12/15/95); 666 So.2d 397. This principle, however, is generally applied where the evidence before the trial court is conflicting, forcing the trial court to accept one version of the facts over another. Hinds v. Clean Land Air Water Corp., 96-1058 (La.App. 3 Cir. 4/30/97); 693 So.2d 321.
LSA-C.C.P. art. 966(C), as amended by 1997 La. Acts No. 483, sets out the burdens of proof which must be met by the respective parties when a motion for summary judgment is made. These burdens of proof are as follows:
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
In Morgan v. Earnest Corporation, 97-0869 (La.App. 1 Cir. 11/7/97); 704 So.2d 272, writ denied, 97-3031 (La.2/20/98); 709 So.2d 775, this court determined that the amendment to LSA-C.C.P. art. 966 applies retroactively. Therefore, we review the present summary judgment in accordance with the rules set forth in the current version of LSA-C.C.P. art. 966.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Penton v. Clarkson, 93-0657 (La.App. 1 Cir. 3/11/94); 633 So.2d 918.
In the instant case, Price executed a left turn in front of Tew, an oncoming motorist. Drivers executing left turns have a heavy burden of care under the law. See LSA-R.S. 32:104. That burden of care was summarized by the Louisiana Supreme Court in Theriot v. Lasseigne, 93-2661, p. 8 (La.7/5/94); 640 So.2d 1305, 1312, as follows:
A driver making a left turn has a statutory duty, under La.R.S. 32:122 to "yield the *459 right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard." "A left turn is one of the most dangerous maneuvers a motorist may execute and requires the exercise of great caution." Thomas v. Petrolane Gas Service, 588 So.2d 711 (La. App. 2d Cir.1991), writ denied 590 So.2d 1201 (La.1992). Harper v. State Farm, 511 So.2d 1283 (La.App. 2d Cir.1987), Ebey v. Coggins, 474 So.2d 1352 (La.App. 2d Cir.1985). Before attempting a left turn, a motorist should ascertain whether it can be completed safely. Thomas, 588 So.2d at 717.
Additionally, a left-turning motorist involved in a collision that occurs across the center line is burdened with the presumption that he is at fault, and he must offer evidence to show that he is free from negligence to avoid the imposition of liability. Miller v. Leonard, 588 So.2d 79 (La.1991).
If a motorist fails to see what he should have seen, then the law charges him with having seen what he should have seen, and the court examines his subsequent conduct on the premise that he did see what he should have seen. Sanchez Fernandez v. General Motors Corporation, 491 So.2d 633 (La.1986). Likewise, the jurisprudence has established that an oncoming driver has a right to assume that the left-turning motorist will obey the law and will yield the right-of-way to oncoming traffic. Whiddon v. Hutchinson, 94-2000 (La.App. 1 Cir. 2/23/96); 668 So.2d 1368, writs denied, 96-0731, 96-0775 (La.5/10/96); 672 So.2d 923. However, the favored driver can still be found contributorily negligent if his or her substandard conduct contributed to the cause of the accident. Corvers v. Acme Truck Lines, 95-925 (La.App. 5 Cir. 4/16/96); 673 So.2d 1088.
Herein, it is undisputed that Price crossed the center line and collided with Tew's oncoming vehicle in Tew's lane of travel. Under these circumstances, Price is burdened with the presumption of liability, and plaintiffs must offer evidence to exonerate her from fault. In attempting to overcome this burden, plaintiffs claimed that the accident was caused by various acts of negligence on the part of Tew.
Initially, plaintiffs alleged that the accident was caused by Tew's excessive speed. Supported by the affidavit of Julien, Tew maintained that he was traveling at 30 m.p.h. or less. Conversely, Price claimed that he must have been speeding because his vehicle appeared suddenly and because otherwise she would have seen his vehicle before she began her turn.
Although Price's testimony may appear to establish credibility issues which could not be decided on a motion for summary judgment, in fact it does not. After stating her belief that Tew must have been speeding, Price admitted that she only observed Tew's vehicle in her peripheral vision immediately before impact, that she did not view the vehicle at any distance prior to the collision, and that she was unable to gauge its speed. Therefore, Price's statements that she believed Tew to be speeding are opinion, rather than fact, and merely set forth her theory regarding the cause of the collision. Such statements are conclusionary and may not be considered as factual support for plaintiffs' claims.[3] Price also claimed that Tew must have been speeding due to the severity of the impact and damage to her vehicle; however, plaintiffs presented no expert testimony or other evidence to substantiate this claim.
Also, plaintiffs argue that a part of Price's deposition in which she stated that she saw Tew's vehicle approaching in her "direct line of vision" supports their position that a genuine issue of material fact remains regarding whether Tew was speeding. This single statement by Price conflicted with her subsequent testimony which is outlined above. We have reviewed all parts of Price's deposition that were introduced into evidence, and based on that review, we find that her testimony as a whole is that she only observed Tew in her peripheral vision immediately before impact and that she could not estimate *460 his speed. In sum, plaintiffs have failed to produce evidence to support their theory that Tew was speeding at the time of the accident.
Plaintiffs also alleged that Price had preempted the intersection at the time her vehicle was struck. In order to preempt an intersection, the motorist must show that he made a lawful entry, at a proper speed, after ascertaining that oncoming traffic was sufficiently removed to permit a safe passage and under the bona fide belief and expectation that he can negotiate a crossing with safety. Funderburk v. Temple, 268 So.2d 689 (La.App. 1 Cir.1972), writ denied, 270 So.2d 875 (La.1973). He must show that he entered the intersection at a proper speed and sufficiently in advance of the vehicle on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle. Silva v. Calk, 30,085 (La.App. 2 Cir. 12/10/97); 708 So.2d 418. Where vehicles enter an intersection at or near the same time, the preemption rule does not apply. Crump v. Ritter, 583 So.2d 47 (La.App. 2 Cir.1991), writ denied, 588 So.2d 1113 (La. 1991).
Plaintiffs contend the collision's occurrence in the right eastbound lane of travel evidences that Price "had almost completed the crossing of Gause Boulevard when her vehicle was struck." However, this court stated in Bustamante v. State Farm Mut. Auto. Ins. Co., 528 So.2d 225 (La.App. 1 Cir.1988), that the mere fact that the accident occurs in the far right lane of travel does not in itself establish preemption of the intersection, especially when the point of impact is determined by evasive action which the oncoming motorist was forced to take. Under the facts and circumstances of this case, plaintiffs have failed to demonstrate that Price had sufficient time to traverse the intersection safely; therefore, they have failed to show that the doctrine of preemption should apply.
Finally, plaintiffs alleged that Tew caused the accident by failing to observe Price's vehicle and to take evasive action to avoid the accident. However, Tew testified that he did not see Price's vehicle until immediately before the impact and when it was too late to avoid the collision. He further testified that he swerved to the right and locked up his brakes in an effort to avoid the accident. The record contains no evidence which disputes Tew's testimony or establishes that any other action by Tew would have prevented the collision.[4]
In summary, plaintiffs have failed to present factual support for any of their allegations against Tew. Therefore, plaintiffs have failed to rebut the presumption in favor of Tew as the oncoming motorist, and they have failed to provide a basis to deny the motion for summary judgment. Considering the above, we conclude that no genuine issues of material fact remain and that the trial court properly granted summary judgment in favor of defendants.
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of defendants, Christopher E. Tew and American States Insurance Company, is affirmed. All costs are assessed to appellants, Mary B. Price and Aubrey L. Price.
AFFIRMED.
NOTES
[1] Also named as defendants were the City of Slidell, the Parish of St. Tammany, and the State of Louisiana, through the Department of Transportation and Development ("DOTD"). After answering the petition, the City of Slidell was dismissed from the lawsuit on motion of plaintiffs. DOTD also was dismissed from the suit by summary judgment rendered June 18, 1997. Plaintiffs' appeal from that judgment is discussed in Mary B. Price v. The City of Slidell, docket number 97 CA 2792, also decided this date. We are unable to determine from the record whether the Parish of St. Tammany remains a defendant.
[2] In prior responses to interrogatories, Price stated that she suddenly saw Tew's truck "heading right for [her] at what appeared to be a high rate of speed."
[3] Recently, in Severson v. St. Catherine of Sienna Catholic Church, 97-1026 (La.App. 5 Cir. 2/11/98); 707 So.2d 1026, writ denied, 98-0653 (La.4/24/98), 717 So.2d 1178, the Fifth Circuit held that similar statements regarding the alleged excessive speed of an oncoming motorist were insufficient to create a genuine issue of material fact and, thus, to preclude the granting of summary judgment.
[4] At oral argument before this court, plaintiffs' counsel urged us to review the accident report, which allegedly indicates that there were no skid marks at the site of the collision. Counsel asserts this evidence disputes Tew's claim that he took evasive action. Our review of the record, however, indicates the police report was not introduced into evidence; thus, it cannot be considered on appeal.