STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2025 CA 0202

JEFFREY P. CROXTON

VERSUS

STATE OF LOUISIANA, THROUGH THE DIVISION
OF ADMINISTRATION, LOUISIANA COMMISSION
ON LAW ENFORCEMENT AND ADMINISTRATION OF
CRIMINAL JUSTICE AND NATHAN DANIEL WHITE

Judgment Rendered: DEC 2 3 2025

* * * * *

ON APPEAL FROM THE
19TH JUDICIAL DISTRICT COURT, DIVISION 27
EAST BATON ROUGE PARISH, STATE OF LOUISIANA
DOCKET NUMBER C-737899

HONORABLE TIFFANY FOXWORTH-ROBERTS, JUDGE PRESIDING

* * * * *

Liz Murrill
Attorney General
Jeannie C. Prudhomme
Assistant Attorney General
Lafayette, Louisiana
and
Adrian K. Alpay
Assistant Attorney General
Baton Rouge, Louisiana

Attorneys for Defendants-Appellants
State of Louisiana, through the
Division of Administration, and
Nathan Daniel White

Christopher L. Whittington
Robert L. Campbell
Baton Rouge, Louisiana

Attorneys for Plaintiff-Appellee
Jeffrey P. Croxton

BEFORE: McCLENDON, C.J., GREENE, and STROMBERG, JJ.

McClendon, CJ. dissents for reason assigned.

**GREENE, J.**

In this appeal, a state agency and its former employee challenge a partial summary judgment against them and in favor of a motorist involved in an automobile collision with the employee. The appellants also challenge the judgment's award of costs and attorney fees under La. C.C.P. art. 1472 based on the trial court's finding that the appellants failed to admit the truth of a request for admission. After the appeal was lodged, the motorist filed a motion to dismiss the appeal contending the judgment was a non-appealable interlocutory judgment. After review, we deny the motion to dismiss and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 23, 2023, Jeffrey P. Croxton was driving southbound and Nathan Daniel White was driving northbound on Perkins Road in Baton Rouge, Louisiana. As Mr. White attempted a left turn from Perkins Road, across Mr. Croxton's lane of travel, onto Terrace Avenue, the two vehicles collided. On the date of the accident, Mr. White was employed as a student worker by the Louisiana Commission on Law Enforcement and Administration of Criminal Justice (State) and was driving a State-owned vehicle.[1]

On September 12, 2023, Mr. Croxton filed a Petition for Damages against the State and Mr. White (State Defendants) and also sent discovery requests to them; and on November 7, 2023, he filed a First Supplemental, Amending, and Restated Petition for Damages against them. The State Defendants responded to the discovery requests, and then, on May 10, 2024, filed an Answer.

On May 17, 2024, Mr. Croxton filed a Motion for Partial Summary Judgment with Request for Costs and Attorney Fees. The State Defendants opposed the motion. After a hearing, the trial court signed a judgment on October 3, 2024, granting partial summary judgment in Mr. Croxton's favor, stating that Mr. White was the sole legal cause of the August 23, 2023 collision and that the State was vicariously liable for Mr. White's negligence; the judgment also ordered that, pursuant to La. C.C.P. art. 1472, the State Defendants pay Mr. Croxton $2,799.45 in costs and attorney fees, with interest. The

---

[1] In the petitions and answer, the State was identified as "State of Louisiana through the Division of Administration, Louisiana Commission on Law Enforcement and Administration of Criminal Justice." *See generally* La R.S. 15:1201, *et seq.*

2

State Defendants sought this Court's review of the October 3, 2024 judgment via an application for supervisory writ and via suspensive appeal.

Regarding the State Defendants' writ application, on May 5, 2025, this Court denied it, under docket number 2024 CW 0181. And, on October 1, 2025, under docket number 2025-CC-00701, the Louisiana Supreme Court similarly denied the State Defendants' writ application seeking review of this Court's writ denial.

Regarding the State Defendants' appeal, on April 4, 2025, Mr. Croxton filed a Motion to Dismiss Civil Appeal, contending this Court should dismiss the appeal because the October 3, 2024 judgment was a non-appealable interlocutory judgment. The State Defendants opposed the dismissal, stating they had filed a motion to certify the judgment as final on February 7, 2025, in the trial court, and that the motion was set for hearing in May 2025.[2] On July 28, 2025, another panel of this Court referred Mr. Croxton's Motion to Dismiss Civil Appeal to this panel, the panel to which the appeal was assigned.

On August 28, 2025, the trial court signed an Order stating:

> Considering the foregoing *Motion to Certify Judgment as Final under La. Code Civ. Proc. Art. 1915(B)(1) and to Vacate Award of Article 1472 Costs and Attorney's Fees Prior to Certification*:
>
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff's Award of La. Code. Civ. Proc. Art. 1472 costs and attorney's fees, in the amount of TWO THOUSAND SEVEN HUNDRED NINETY NINE DOLLARS AND 45 CENTS ($2,799.45) is ~~affirmed and~~ *ruling is* ~~upheld in the October 3, 2024 Judgment~~ *suspended pending outcome of writ pending before Louisiana State Supreme Court.*
>
> IT IS FURTHER ORDERED that the October 3, 2024 Judgment is certified as final, under the retrospective version of La. Code Civ. Proc. Art. 1915(B)(1), because there is no just reason for delay an appeal of the Judgment.
>
> Baton Rouge, Louisiana, on this 28th day of August, 2025.
>
> HONORABLE TIFFANY FOXWORTH-ROBERTS
> JUDGE, 19th JUDICIAL DISTRICT COURT

CERTIFY THAT ON THIS DAY A COPY OF
TEN REASONS FOR JUDGMENT /
T / ORDER / COMMISSIONER'S
NDATION WAS MAILED BY ME WITH
IT POSTAGE AFFIXED.
CHED LETTER FOR LIST OF RECIPIENTS.

MAILED ON September 03, 2025

---

[2] Although the State Defendants contend they filed their motion to certify the judgment as final on February 7, 2025, the appellate record contains no such motion.

3

On October 9, 2025, this Court's Clerk of Court supplemented the appellate record with a copy of the August 28, 2025 Order.

## DISCUSSION

### Motion to Dismiss Appeal

We first address Mr. Croxton's Motion to Dismiss Civil Appeal. This Court's appellate jurisdiction extends to final judgments and to interlocutory judgments when expressly allowed by law. *See* La. C.C.P. art. 2083(A) and (C). A partial grant of summary judgment, except one granted under La. C.C.P. art 966(E), is a final appealable judgment under La. C.C.P. art. 1915(A)(3). However, a partial summary judgment on liability falls under La. C.C.P. art. 966(E) and is only appealable if the trial court designates it as a final judgment after an express determination that there is no just reason for delay under former La. C.C.P. art. 1915(B).[3] *See Simon v. Ferguson*, 2018-0826 (La. App. 1 Cir. 2/28/19), 274 So.3d 10, 13; *Lirette v. Adams*, 2023-0377 (La. App. 4 Cir. 7/10/24), 400 So.3d 938, 946.

In this case, that portion of the October 3, 2024 judgment granting Mr. Croxton's Motion for Partial Summary Judgment is a partial summary judgment on liability under La. C.C.P. art. 966(E). In its August 28, 2025 Order, the trial court designated that portion of the judgment as a final judgment under former La. C.C.P. art. 1915(B). We find no error in the certification. *See Susano v. National Union Fire Insurance Company of Pittsburgh, PA*, 2024-0320 (La. App. 1 Cir. 4/14/25), 409 So.3d 1103, 1107, *writ denied*, 2025-00629 (La. 9/24/25), 417 So.3d 51; *Miller v. Shamsnia*, 24-100 (La. App. 5 Cir. 12/23/24), 410 So.3d 897, 902 & 902, n.8, *writ denied*, 2025-00243 (La. 4/29/25), 407 So.3d 621. We also note that, although issued after the appeal was lodged, the trial court's designation of finality, issued during the pendency of the appeal, cured the jurisdictional defects in the appeal. *See* La. C.C.P. art. 2088(A)(11) (prior to amendment

---

[3] Effective August 1, 2025, the legislature amended La. C.C.P. art. 1915 to delete Sections (B)(1) and (2) and to revise Section (C) to pertinently provide: "Except as otherwise provided by law, when a court grants a . . . summary judgment . . . as to one or more but fewer than all of the claims, demands, issues, or theories by or against a party . . ., that judgment is an interlocutory judgment." 2025 La. Acts No. 250, §3. However, the amendment to La. C.C.P. art. 1915 has prospective application only and does not apply to appeals and supervisory writs filed prior to August 1, 2025. *See* 2025 La. Acts No. 250, §6. The State Defendants' appeal and supervisory writ application were filed in 2024, so we apply former La. C.C.P. art. 1915 herein.

4

by 2025 La. Acts No. 250, §3); *In re Interdiction of Gambino*, 2020-00312 (La. 6/3/20), 296 So.3d 1046 *(per curiam)*; *Cope v. Board of Supervisors of Louisiana State University and A&M College*, 2025-0034 (La. App. 1 Cir. 8/4/25), 418 So.3d 1035, 1038, 2025 WL 2206006, *2, n.2.

Further, because the Louisiana Supreme Court has now denied the State Defendants' writ application challenging the trial court's award of costs and attorney fees under La. C.C.P. art. 1472, our review of the October 3, 2024 judgment as to liability will also include review of that related interlocutory ruling. *See Marshall v.* Marshall, 2021-0607 (La. App. 1 Cir. 12/27/21), 340 So.3d 921, 927. For the above reasons, we deny Mr. Croxton's Motion to Dismiss Civil Appeal.

## Assignments of Error

We now turn to the merits of the appeal. In two assignments of error, the State Defendants contend the trial court erred: (1) in granting the partial summary judgment, because there are genuine issues of material fact as to Mr. Croxton's comparative fault, and (2) in ordering them to pay Mr. Croxton costs and attorney fees under La. C.C.P. art. 1472 for failing to admit the truth of a request for admission.

## Partial Summary Judgment as to Liability

In their first assignment of error, the State Defendants contend the trial court erred in granting the partial summary judgment on liability, because there are genuine issues of material fact as to Mr. Croxton's comparative fault.

A party may move for summary judgment for all or part of the relief for which he has prayed. La. C.C.P. art. 966(A)(1). The court shall grant the motion if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* The burden

is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* An appellate court reviews the grant or denial of summary judgment *de novo* under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. *Wiggins v. Schneider*, 2023-1303 (La. App. 1 Cir. 9/19/24), 405 So.3d 622, 626. Because it is the applicable law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Id.*

Under La. R.S. 32:122, a motorist at an intersection intending to turn left shall yield the right of way to all vehicles approaching from the opposite direction that are within the intersection or so close thereto as to constitute an immediate hazard. A left-turning motorist has a high degree of care under the law; a left turn is one of the most dangerous maneuvers a motorist can execute and requires great caution. *Dakmak v. Baton Rouge City Police Department*, 2012-1468 (La. App. 1 Cir. 9/4/14), 153 So.3d 498, 504; *Price v. City of Slidell*, 1997-2066 (La. App. 1 Cir. 9/25/98), 723 So.2d 455, 459. Before attempting a left turn, a motorist should ascertain whether the turn can be safely completed. *Price*, 723 So.2d at 459. An oncoming motorist has a right to assume that the left-turning motorist will obey the law and will yield the right of way to oncoming traffic. *See Dakmak*, 153 So.3d at 504. A left-turning motorist involved in a collision that occurs across the center line is burdened with the presumption that he is at fault; to avoid liability, he must offer evidence to prove that he is free from fault. *Id.* However, the favored oncoming driver can also be found at fault if his substandard conduct contributed to the cause of the collision. *Id.* For instance, if an oncoming motorist is excessively speeding in a manner the left-turning motorist could not reasonably anticipate, the oncoming motorist can be found at fault. *See Id.* Or, if a left-turning motorist has properly signaled and commenced the turn upon a reasonable belief, after observing approaching traffic, that the turn would not unduly interfere with the progress of the approaching traffic, and an oncoming motorist fails to observe the reasonably-signaled left turn intent, and continues to approach without attempting to avoid the collision, then

the oncoming motorist can be found at fault. *See Id.; Stafford v. Insurance Company of Pennsylvania*, 170 So.2d 702, 704 (La. App. 1 Cir. 1964).

In this case, it is undisputed that when he turned left, Mr. White crossed the center line of Perkins Road and the collision occurred in Mr. Croxton's lane of travel. Thus, Mr. White is presumed at fault and the State Defendants' had the burden of proving his freedom from fault and/or Mr. Croxton's contributory fault. *Price*, 723 So.2d at 458-59. Because the State Defendants would bear this burden at trial, Mr. Croxton's burden, as the summary judgment mover, was merely to point out an absence of factual support for the State Defendants' defense that Mr. White was free from fault or that Mr. Croxton was also at fault in causing the collision. *See* La. C.C.P. art. 966(D)(1). The burden then shifted to the State Defendants to produce factual support establishing a genuine issue of material fact or that Mr. Croxton was not entitled to judgment as a matter of law. *Id.*

In support of his motion for partial summary judgment, Mr. Croxton filed evidence, which included his own affidavit, the State Defendants' discovery responses and excerpts from Mr. White's deposition. In his affidavit, Mr. Croxton attested that, on the date of the collision: he was driving south on Perkins Road at its intersection with Terrace Avenue; the intersection was controlled by double yellow flashing lights for Perkins Road traffic and stop signs for Terrace Avenue traffic; and, Mr. White was driving south on Perkins Road and executed a left-hand turn across Mr. Croxton's lane of travel, "at which point the front right portion of the ... vehicle operated by [Mr.] White impacted the middle front portion of the truck" operated by Mr. Croxton. In their discovery responses, the State Defendants were asked to admit that Mr. White executed the left turn as described above and they responded "Denied as written." In his deposition, Mr. White admitted that, as he approached the intersection, he saw Mr. Croxton coming. Mr. White did not recall what specific signals controlled Perkins Road at the Terrace Avenue intersection but described it as a "four way light." He admitted that, as a left-turning motorist, he was required to yield, but further stated that he was taught in driving school that "whichever vehicle is there first is the one that goes first when it comes to turning or driving." He also stated he thought all drivers at a four way light were required to yield and when he saw Mr. Croxton "further up the street, ... [he] made the assumption [Mr.

7

Croxton] was going to yield at the light[,] so [he] turned left, but [Mr. Croxton] never yielded." Mr. White stated that Mr. Croxton should have at least slowed down but did not.

In opposition to summary judgment, the State Defendants argued there were genuine issues of material fact as to Mr. Croxton's comparative fault. On appeal, they contend there is conflicting evidence as to which driver struck the other and as to whether red or yellow flashing lights controlled the intersection. They point to his deposition, wherein Mr. White denied that he hit Mr. Croxton's vehicle and stated that it was Mr. Croxton who hit his vehicle. They also argue that, in his deposition, Mr. White testified that he could not recall the specific signal that controlled the "four way light," *i.e.*, he did not know whether it showed yellow lights or red lights in one or both directions, or if the signal included lights and stop signs.

After *de novo* review, we conclude the trial court properly granted summary judgment in Mr. Croxton's favor, finding that Mr. White was the sole legal cause of the accident. First, disputed facts only preclude summary judgment when those facts are "material." *See* La. C.C.P. art. 966(A)(3). A "material" fact is one that would matter at the trial on the merits. *Carpenter v. Thomas*, 2022-0872 (La. App. 1 Cir. 3/13/23), 362 So.3d 977, 986. Herein, a dispute as to which motorist hit whom is immaterial, because this fact does not establish fault and would not matter at trial. It is undisputed that Mr. White turned left into Mr. Croxton's lane of travel and the collision occurred in Mr. Croxton's lane of travel, giving rise to the presumption that Mr. White was at fault. *See Dakmak*, 153 So.3d at 504. The lone assertion that Mr. Croxton hit Mr. White is insufficient to rebut that presumption. Under these circumstances, establishing whether Mr. White struck Mr. Croxton or Mr. Croxton struck Mr. White is immaterial as to their fault nor does it rebut the presumption that Mr. White was at fault. *Accord Tolbert v. Fireman's Fund Insurance Company*, 1998-637 (La. App. 3 Cir. 10/7/98), 719 So.2d 738, 742 (finding trial court correctly granted partial summary judgment in favor of motorist due to opponent's failure to produce evidence that there was an issue of material fact concerning liability).

Next, there is no dispute as to the type of signal that controlled the subject intersection. Mr. Croxton's affidavit clearly establishes that Perkins Road drivers were controlled by double yellow flashing lights. Mr. White's inability to remember what the signal displayed does not create a factual dispute. Nor does it change his duty as a left-turning motorist to yield to oncoming traffic unless he ascertained that his turn could be safely completed. *See Dakmak*, 153 So.3d at 504. Further, Mr. White's mistaken assumption that Mr. Croxton would yield, his mistaken belief that he could turn if he got to the intersection first, or his speculative opinion that Mr. White should have slowed his speed do not create genuine issues of material fact.

Herein, Mr. Croxton's summary judgment evidence shows that he had the right of way and the right to assume that Mr. White would obey the law and yield to oncoming traffic. *See Dakmak*, 153 So.3d at 504. The State Defendants presented no proof that any substandard conduct by Mr. Croxton contributed to the accident. They produced no proof that Mr. Croxton was speeding as he approached the intersection or of his distance from the intersection when he saw Mr. White's vehicle. Nor did the State Defendants produce proof that Mr. White had properly signaled and reasonably commenced his left turn and that Mr. Croxton saw the left turn signal and unreasonably continued through the intersection without attempting to avoid the collision. *See Id.; see also Pete v. Barron*, 2022-143 (La. App. 3 Cir. 10/12/22), 350 So.3d 1029, 1035, *writ denied*, 2022-01641 (La. 1/18/23), 353 So.3d 727 (affirming summary judgment in favor of driver who proved she was not at fault in causing collision and left-turning driver failed to produce evidence to controvert that showing).

Thus, because the State Defendants have failed to overcome the presumption of Mr. White's fault, and failed to show a genuine issue of material fact as to Mr. Croxton's comparative fault, the trial court did not err in granting partial summary judgment finding that Mr. White was the sole legal cause of the August 23, 2023 collision. The State Defendants' first assignment of error is meritless.

### Expenses Awarded for Failure to Admit

In their second assignment of error, the State Defendants contend the trial court erred in awarding Mr. Croxton costs and attorney fees under La. C.C.P. art. 1472 based

on its finding that they failed to admit the truth of a request for admission. Further, they claim La. C.C.P. 1472 expenses are only awardable after a trial. To the contrary, Mr. Croxton contends the State Defendants unreasonably denied the request for admission, and the trial court properly assessed them with discovery expenses he incurred, including those associated with deposing Mr. White, to prove the truth of what he asked the State Defendants to admit.

Louisiana Code of Civil Procedure article 1472 pertinently provides:

If a party fails to admit the genuineness of ... the truth of any matter as requested under Article 1466, and if the party requesting the admissions thereafter proves the ... truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that the request was held objectionable pursuant to Article 1467, or the admission sought was of no substantial importance, or the party failing to admit had reasonable ground to believe that he might prevail on the matter, or there was other good reason for the failure to admit.

The request for admission at issue herein is Mr. Croxton's Request for Admission Number 2, which read:

REQUEST FOR ADMISSION NUMBER 2:

Admit that on August 23, 2023 in the Parish of East Baton Rouge, State of Louisiana, Nathan Daniel White was operating a 2018 Ford Fusion motor vehicle in a northerly direction on Perkins Road near its intersection with Terrace Avenue when Nathan Daniel White executed a left hand lane (sic) from the north bound lane of travel of Perkins Road across the south bound lane of travel of Perkins Road when the front portion of the motor vehicle operated by Nathan Daniel White impacted the front portion of the truck operated by Jeffrey P. Croxton.

The State Defendants answered "Denied as written" to the above request. On appeal, they argue the trial court erred in ordering them to pay La. C.C.P. art. 1472 expenses where Mr. Croxton did not prove the truth of the facts in the request. Further, they argue they acted reasonably in denying the request, because they had reasonable grounds to believe that they "could prevail on the disputed issue of [Mr.] Croxton's comparative fault."

The trial court has wide discretion in determining whether to award expenses based on a party's failure to admit the truth of any matter that is later proved to be genuine. *See Bezou v. Bezou,* 2015-1879 (La. App. 1 Cir. 9/16/16), 203 So.3d 488, 500, *writ denied,* 2016-1869 (La. 12/5/16), 210 So.3d 814.

First, we reject the State Defendants' argument that La. C.C.P. art. 1472 expenses are only awardable after a trial. The time to seek La. C.C.P. art. 1472 expenses depends on when the requesting party proves the truth of the matter. 2 La. Prac. Civ. Proc. Article 1472, Plotkin, S., Akin, M.B., *Art. 1472 – Failure to admit; expenses* (2025 ed.). Although this usually becomes evident during trial, such proof may occur pre-trial. *Id.* The purpose of summary judgment is to avoid a full scale trial when there is no genuine issue of material fact. *Jones v. American Alternative Insurance Corporation*, 2014-0367 (La. App. 1 Cir. 1/8/15), 169 So.3d 386, 389. And, a partial summary judgment may be granted on the issue of liability alone, although a genuine issue as to other issues remains to be decided at trial. *Susano*, 409 So.3d at 1107. Thus, if a summary judgment mover is successful in proving the lack of a genuine issue of material fact that his opponent unreasonably denied during discovery, the summary judgment mover avoids a trial on that issue, and he should be able to recover the expenses he incurred in proving the undisputed truth of what his opponent denied. Herein, on summary judgment, and with Mr. White's deposition testimony, Mr. Croxton proved the truth of the facts set forth in Request for Admission Number 2 – proving such at a trial was not necessary.

Next, we conclude the trial court did not abuse its discretion in concluding the State Defendants unreasonably denied Request for Admission Number 2 as written and that Mr. Croxton thereafter proved the truth of facts asserted in the request. As explained in our earlier discussion, under the circumstances of this case, establishing whether Mr. White struck Mr. Croxton or Mr. Croxton struck Mr. White is immaterial to establishing fault nor does it rebut the presumption that Mr. White was at fault. Thus, the State Defendants unreasonably denied the request, because they unreasonably believed that who hit whom would allow them to prove Mr. Croxton was comparatively at fault in the collision. This assignment of error is meritless.

**CONCLUSION**

For the foregoing reasons, we deny Jeffrey P. Croxton's Motion to Dismiss Civil Appeal and affirm the October 3, 2024 judgment. We assess costs of this appeal in the

11

amount of $2,149.00 to the Louisiana Commission on Law Enforcement and Administration of Criminal Justice.

**MOTION TO DISMISS APPEAL DENIED; JUDGMENT AFFIRMED.**

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2025 CA 0202

## JEFFREY P. CROXTON

### VERSUS

## STATE OF LOUISIANA, THROUGH THE DIVISION OF ADMINISTRATION, LOUISIANA COMMISSION ON LAW ENFORCEMENT AND ADMINISTRATION OF CRIMINAL JUSTICE AND NATHAN DANIEL WHITE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**McClendon, C.J., dissenting.**

While the majority finds that appellate jurisdiction has attached, I question whether the trial court had authority to certify the judgment on appeal as final under Louisiana Code of Civil Procedure article 1915(B), as amended by 2025 La. Acts. No. 250, § 3, which became effective on August 1, 2025.[1]

Nevertheless, notwithstanding the jurisdictional issues, I find that genuine issues of material fact remain as to liability. Accordingly, I would reverse the grant of Mr. Croxton's motion for partial summary judgment and the grant of Mr. Croxton's request for attorney's fees and costs. While I recognize the presumption of negligence attributed to a left-turning motorist, a favored motorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident. **Baker v. State Farm Mutual Auto. Ins. Co.**, 49,468 (La.App. 2 Cir. 1/21/15), 162 So.3d 405, 410, and **Terro v. Casualty Reciprocal Exch.**, 93-593 (La.App. 3 Cir. 2/2/94), 631 So.2d 651, writ denied, 94-0522 (La. 4/22/94), 637 So.2d 157. A motorist has a duty to maintain a proper lookout for hazards which, by the use of ordinary care and observation, he would

---

[1] It is unclear whether the amended version of LSA-C.C.P. art. 1915(B), which is admittedly inapplicable to appeals filed prior to August 1, 2025, allows a judgment to be certified after August 1, 2025. Said provision could be interpreted to merely maintain appeals already certified and pending as of the Act's effective date.

be able to see in time to avoid running into them. **Orillion v. Carter**, 93-1190 (La.App. 1 Cir. 1/24/94), 639 So.2d 461, 466, <u>writs denied</u>, 94-2289, 94-2272 (La. 11/18/94), 646 So.2d 384, 650 So.2d 240.

In this regard, Mr. White testified that Mr. Croxton "had an opportunity to yield" when Mr. White turned left. In addition, according to Mr. White, his vehicle was half way across the south bound lane of travel when he was struck by Mr. Croxton's vehicle. Considering the foregoing testimony, I would find genuine issues remain as to whether Mr. Croxton bore any percentage of fault for the accident.

Therefore, I respectfully dissent.